* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin. The appealing party has shown good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission rejects the findings in the Opinion and Award of Deputy Commissioner Griffin and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant. *Page 2 
3. Plaintiff's average weekly wage is $411.11 with a corresponding compensation rate of $274.08.
4. Per the Opinion and Award filed August 18, 1999 by Deputy Commissioner John A. Hedrick, plaintiff sustained an injury by accident arising out of and in the course of his employment on November 17, 1997.
5. Key Risk Management Services paid temporary total disability benefits from the date of the accident through May 1, 2002.
6. An Administrative Order filed May 2, 2002 allowed Key Risk Management Services to suspend payment of compensation as of March 21, 2002, until plaintiff's unjustified failure to participate in vocational rehabilitation ceased.
7. Plaintiff's appeal of the May 2, 2002 Administrative Order was heard before Deputy Commissioner Douglas E. Berger on September 16, 2003.
8. Deputy Commissioner Berger filed an Opinion and Award on November 20, 2003, which upheld the Administrative Order filed May 2, 2002.
9. The issues before the Full Commission were the following: (1) Is Plaintiff entitled to reinstatement of benefits based on his enrollment in a GED program as required? and (2) Does Plaintiff's enrollment in a GED program constitute compliance with participation in vocational rehabilitation and the Administrative Order of May 2, 2002?
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 3 
1. At the time of the hearing before the deputy commissioner, plaintiff was 64 years old with a ninth grade education. Plaintiff has spent most of his career as a master carver for furniture companies. On November 17, 1997, plaintiff sustained a compensable injury by accident. Plaintiff was last employed in 1998 with defendant as a master carver operator.
2. A Functional Capacity Evaluation, completed on February 3, 2000, revealed plaintiff was capable of performing light to medium work. On approximately January 21, 2000, Stephanie Mitchell, a vocational rehabilitation specialist, recommended plaintiff obtain his GED in order to widen his employability. On January 10, 2001, plaintiff was Ordered to comply with vocational rehabilitation. On September 26, 2001, plaintiff was Ordered to attend classes to prepare for the GED exam.
3. On January 28, 2002 Dr. Guerra concluded that plaintiff was capable of participating in vocational rehabilitation. Dr. Guerra recommended that plaintiff obtain his GED and return to the work force. On August 28, 2002, after a second psychological evaluation, Dr. Fitzgerald indicated that plaintiff did not have any permanent psychiatric impairment and that plaintiff had no barriers to vocational rehabilitation services and specifically, to participate in GED classes.
4. On March 7, 2002, defendants filed a Form 24 Motion to suspend plaintiff's weekly benefits. Ms. Mitchell had set up GED classes for plaintiff at a nearby location, approximately 11 mile round trip from plaintiff's home. Plaintiff indicated that his odometer registered 19 miles round trip. This class met four hours per day, four days per week. Plaintiff failed to attend the GED classes recommended and arranged by Ms. Mitchell for plaintiff.
5. On May 2, 2002, Special Deputy Commissioner Elizabeth "Lacy" Maddox authorized the suspension of plaintiff's weekly compensation benefits due to plaintiff's failure to *Page 4 
attend GED classes as directed by the Industrial Commission. Plaintiff indicated he was willing to attend another class that met one night per week for two hours which was approximately eight miles round trip from his home; however, plaintiff failed to present documentation that he was unable to drive the additional miles to the location offering classes four days per week or that he was not able to sit through class for twenty hours per week as was arranged by Ms. Mitchell on plaintiff's behalf.
6. On November 20, 2003, Deputy Commissioner Douglas E. Berger filed an Opinion and Award finding plaintiff physically capable of attending and participating in GED classes. Deputy Commissioner Berger upheld Special Deputy Commissioner Maddox's Order suspending payment of compensation to plaintiff beginning March 21, 2002, and continuing until plaintiff's unjustifiable refusal to attend GED classes ceases.
7. In September 2004, plaintiff enrolled in the Caldwell Community GED Program offered at Mountain Grove Center. Plaintiff attended weekly classes offered on Tuesdays and Thursdays from 6:00 p.m. to 8:00 p.m. Plaintiff submitted an attendance record from Caldwell Community College dated April 20, 2005, which states that plaintiff attended a total of 76 hours of GED classes from September 2, 2004 through April 19, 2005. Plaintiff missed a total of 10 GED classes during this period. Therefore, plaintiff is attending class on average approximately 2.5 hours per week.
8. On March 26, 2003, Cecile E. Naylor, Ph.D., a neuro-psychologist, completed a comprehensive neuro-psychological evaluation of plaintiff as the referral of Dr. George Gould with Cajahs Mountain Medical Group. Dr. Naylor interpreted the results of plaintiff's evaluation as plaintiff having a generally low average ability on intellectual, achievement, and memory tests. Dr. Naylor was of the opinion that further schooling and retraining may be a struggle for *Page 5 
plaintiff, and plaintiff will be limited by overall modest ability. Dr. Naylor's opinion is insufficient to establish that it would be futile for plaintiff to participate in the GED program. In addition Dr. Naylor did not treat plaintiff on an ongoing basis. The undersigned assign greater weight to the testimony and evidence from Dr. Guerra and Stephanie Mitchell.
9. John Josephson has been plaintiff's GED instructor at the Mountain Grove Center since he entered the program. Mr. Josephson noted that plaintiff was making progress but it was "extremely slow." All of the GED examinations require a student to score a 9.0 or higher on the TABE examination. Initially, plaintiff scored a 6.9 on the reading portion, but increased over the next two examinations from 7.5 to 9.9. Plaintiff still has five other examinations in other areas to complete before he can take and pass the GED examination. During instruction, plaintiff had difficulty remembering information that he read. Based on his personal observations, Mr. Josephson testified that plaintiff "willingly and cheerfully" participated in class. Based on the rate of his progression in class, Mr. Josephson is uncertain when plaintiff would be ready to take the GED examination. Mr. Josephson had advised plaintiff that enrolling in a course with more frequent instruction would increase the pace of his GED program.
10. Ms. Mitchell referred plaintiff to the Caldwell Community GED program offered at Mulberry Recreation Center because more weekly classes were offered than the program at Mountain Grove Center. The Mulberry Center offered classes Monday through Thursday from 8:30 a.m. to 1:00 p.m. Ms. Mitchell felt that plaintiff would take less time to obtain his GED if he attended more classes each week.
11. At the hearing before the deputy commissioner, plaintiff testified that no authorized treating physician in his workers' compensation case had told him that he was not able to take four hours of GED classes four days per week. In addition, plaintiff's authorized *Page 6 
treating physician recommended that plaintiff participate in vocational rehabilitation and attend GED classes. Plaintiff has no restrictions on driving.
12. Plaintiff testified that he could not attend class more frequently due to pain and that he becomes so uncomfortable that he must lie down on a couch during class. Plaintiff testified that he does not have any regular scheduled activities; however, plaintiff drives to and spends time at a mountain home which is further from his home than the class location at the Mulberry Center.
13. The undersigned find that the additional mileage to the Mulberry Center class and additional class hours are reasonable requirements for plaintiff in order to have his benefits reinstated.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to comply with the Orders of the Industrial Commission, which required him to attend and participate in GED classes as recommended by the vocational rehabilitation specialist. As a result of his noncompliance with the Industrial Commission Orders, plaintiff is not entitled to have his weekly compensation benefits reinstated. N.C. Gen. Stat. § 97-25.
2. Plaintiff has failed to demonstrate either that the rehabilitation Ordered by the Commission would not be beneficial or that his refusal to comply with the Industrial Commission's Orders compelling compliance with vocational rehabilitation and attendance of GED classes was justified. N.C. Gen. Stat. § 97-25. *Page 7 
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim for reinstatement of benefits is hereby denied and plaintiff's suspension of benefits is continued until plaintiff complies with vocational rehabilitation by attending GED classes as directed by the Commission.
2. Plaintiff is hereby ORDERED to participate in GED courses four hours per day, four days per week as recommended by Ms. Mitchell and Ordered by Special Deputy Commissioner Maddox.
This the 14th day of March, 2007.
 S/_____________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________________ DIANNE C. SELLERS COMMISSIONER
 S/_____________________ LAURA K. MAVRETIC COMMISSIONER